UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTOINETTE WARD,

                              Plaintiff,

                  -against-

DR. CHEMERINSKI; DR. NADIA NORD;
LISAHIA HORTON; DR. LEE,

                              Defendants.

23-CV-6410 (LTS)

ORDER OF DISMISSAL WITH
LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that Defendants violated her constitutional rights. By order dated August 13, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff leave to replead her claims in an amended complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Antoinette Ward, a resident of Bronx County, filed this complaint against four employees of the Veteran's Administration Medical Center ("VA") on Kingsbridge Road in the Bronx: (1) Dr. Chemerinski, "OPD Mental Health"; (2) Dr. Nadia Nord, "Primary"' (3) Lisahia Horton, "Practice Manager"; and (4) Dr. Lee, a thoracic surgeon. Plaintiff alleges that Defendants failed to "notify the medical proxy holders," presumably her and other family members, "prior to major surgery on [her] mother as prescribed by law." (ECF 1 ¶ II.) Plaintiff's mother underwent surgery on May 1, 2021, and passed away on July 26, 2021. (*Id.* at III.) Plaintiff claims that Defendants' "fail[ure] to practice due diligence" caused her "undue stress"

and pain, and she seeks money damages and declaratory relief. (*Id.* ¶¶ IV, V.) Attached to the complaint are 8 pages of documents relating to Plaintiff's mother's medical care. (*Id.* at 8-16.)

## DISCUSSION

### A.    Constitutional claim

Plaintiff brings this action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). To state a claim for relief under *Bivens*, a plaintiff must allege facts that plausibly show that: (1) the challenged action was attributable to an officer acting under color of federal law, and (2) such conduct deprived her of a right, privilege, or immunity secured by the Constitution. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389). *Bivens* provides only for money damages; injunctive or declaratory relief is not available under *Bivens*. *See Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007) ("The only remedy available in a Bivens action is an award for monetary damages from defendants in their individual capacities.").

Here, Plaintiff alleges that VA employees failed to notify her, in her capacity as her mother's health care proxy, about her mother's surgery before it was done. These allegations cannot be considered viable claims under *Bivens*. The Supreme Court has recognized implied causes of action under *Bivens* in only three contexts: (1) unreasonable search and seizure under the Fourth Amendment, *Bivens*, 403 U.S. 388 (1971); (2) employment discrimination under the Due Process Clause of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979); and (3) inadequate medical treatment of a convicted prisoner under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980). In recent decisions, the Supreme Court has "made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017); *see also Egbert v. Boule*, 142 S. Ct. 1793, 1805 (2022) (holding in the context of a Fourth Amendment claim under *Bivens* that "superficial similarities are not enough

to support the judicial creation of a cause of action"). Plaintiff's claims do not fall into one of

these categories and would constitute an expansion of the *Bivens* doctrine.

The Court need not reach the issue of whether a *Bivens* claim for money damages may lie

against federal officials based on Plaintiff's allegations at this stage, however, because Plaintiff

has not pleaded facts that would state such a claim.[1]

## B.    Tort claim

Plaintiff's allegations may be construed as asserting a claim under the Federal Tort

Claims Act ("FTCA"), which waives the sovereign immunity of the United States for claims for

damages arising from the tortious conduct of federal officers or employees acting within the

scope of their office or employment. *See* 28 U.S.C. §§ 1346(b)(1), 2680. "The proper defendant

in an FTCA claim is the United States, not individual federal employees or agencies." *Holliday v.

Augustine*, No. 3:14-CV-0855, 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015).

Before bringing FTCA claims in federal court, a plaintiff must comply with the FTCA's

procedural requirements. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999),

*abrogated on other grounds*, *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015). In order to

exhaust the FTCA's administrative remedies, a claimant must file a written claim for damages

with the appropriate federal entity and receive a final written determination. *See* 28 U.S.C.

§ 2675(a). Such an administrative claim must be in writing, specify the damages sought, and be

filed within two years of the date the claim accrues. 28 U.S.C. §§ 2401(b), 2675(a). A claimant

may file suit in federal district court seeking review of the agency's final decision within six

---

[1] Though, typically, "the *Bivens* question . . . is 'antecedent' to the other questions
presented," *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017) (citing *Wood v. Moss*, 572 U.S.
744, 757 (2014)), the Supreme Court has endorsed "disposing of a *Bivens* claim by resolving the
constitutional question, while assuming the existence of a *Bivens* remedy," *Id.* at 2007.

months of the date the notice of final agency decision is mailed. *See* § 2401(b). Or, if the agency

does not make a final decision within six months of the claimant's filing of an administrative

claim, the claimant may bring an FTCA action in a federal district court. *See* § 2675(a). While

this exhaustion requirement is jurisdictional and cannot be waived, *see Celestine v. Mount*

*Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005), "the FTCA's time bars are

nonjurisdictional and subject to equitable tolling," *Kwai Fun Wong*, 575 U.S. at 420.

Here, Plaintiff seeks damages for the allegedly tortious conduct of federal employees of

the VA, but she does not allege that she complied with the FTCA's procedural requirements by

filing a written claim with the federal agency. "The FTCA requires that a claimant exhaust all

administrative remedies before filing a complaint in federal court," *Celestine*, 403 F.3d at 82, and

"[u]nless a plaintiff complies with that requirement, a district court lacks subject matter

jurisdiction over a plaintiff's FTCA claim." *Johnson*, 189 F.3d at 189.

Moreover, "a failure to exhaust one's administrative remedies cannot be cured after the

fact." *Giddings v. United States*, No. 21-CV-5251 (VSB), 2023 WL 4492411, at *4 (S.D.N.Y.

July 12, 2023) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("Because this

requirement is jurisdictional, the subsequent denial of an administrative claim cannot cure a

prematurely filed action.")); *Liriano v. ICE/DHS*, 827 F. Supp. 2d 264, 269 (S.D.N.Y. 2011)

("The requirement that prematurely filed FTCA claims be dismissed holds even when . . . the

FTCA claims would be ripe if re-filed at the date of the court's decision.").

Plaintiff's complaint gives no indication that she exhausted her FTCA claim by filing an

administrative claim with the VA. Unless Plaintiff has exhausted her FTCA claim, the Court

lacks subject matter jurisdiction of Plaintiff's complaint. The Court grants Plaintiff leave to file

an amended complaint to name the United States as the sole defendant, and to allege facts

showing that she has complied with the FTCA's exhaustion requirement.

## C.      Claims on behalf of estate

It is unclear whether Plaintiff seeks to assert claims on behalf of her mother's estate, and,

if so whether, she may do so *pro se*. The provision governing appearances in federal court, 28

U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice

of law by a governmental regulatory body, and that by a person representing [her]self." *Eagle*

*Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks and

citation omitted). And "because *pro se* means to appear for one's self, a person may not appear

on another person's behalf in the other's cause. A person must be litigating an interest personal to

[her]." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998). But "when the administrat[rix] and

sole beneficiary of an estate with no creditors seeks to appear *pro se* on behalf of the estate, she

is in fact appearing solely on her own behalf, because she is the only party affected by the

disposition of the suit." *Pappas v. Philip Morris, Inc.*, 915 F.3d 889, 893 (2d Cir. 2019) (citing

*Guest v. Hansen*, 603 F.3d 15, 21 (2d Cir. 2010)).This is because, "[u]nder those circumstances,

the assignment of the sole beneficiary's claims to a paper entity – the estate – rather than to the

beneficiary herself, is only a legal fiction." *Id.* (citing *Guest*, 603 F.3d at 21).

## D.      Leave to amend

Plaintiff proceeds in this matter without the benefit of an attorney. District courts

generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

In light of Plaintiff's *pro se* status, the Court grants her leave to file an amended complaint to provide facts showing that (1) she has exhausted any FTCA claims, whether they are asserted on her own behalf, on behalf of her mother's estate, or both; and (2) she has standing to assert an FTCA claim on behalf of her mother's estate, should she seek to do so.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

Plaintiff may consider contacting the New York Legal Assistance Group's ("NYLAG") Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the court. It cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit. A copy of the flyer with details of the clinic is attached to this order.

## CONCLUSION

The complaint is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff is granted leave to replead her claims in an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-6410 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   November 28, 2023
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-


_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                 (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of

(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                Middle Initial        Last Name

_____

Street Address

_____

County, City                              State              Zip Code

_____

Telephone Number                     Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name _____ Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City _____ State _____ Zip Code

Defendant 2: _____

First Name _____ Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City _____ State _____ Zip Code

Defendant 3: _____

First Name _____ Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City _____ State _____ Zip Code

Defendant 4:

_____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                  State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |

| First Name | Middle Initial | Last Name |

| Street Address |

| County, City | State | Zip Code |

| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court for the Southern District Of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic does not provide full representation. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

## To Contact the Clinic:

Call (212) 659-6190 or complete our online intake form (found here: https://tinyurl.com/NYLAG-ProSe-OI). A staff member will contact you within a few business days.

Those looking for assistance can also contact the clinic at the kiosk located across the hall from the pro se clinic office in the courthouse.

**At this time, the clinic offers remote consultations only. Requests for in-person appointments will be reviewed on a case-to-case basis.**

## Location and Hours:

Thurgood Marshall United States Courthouse

    Room LL22
    40 Foley Square
    New York, NY 10007
    (212) 659 6190

    Open weekdays
    10 a.m. – 4 p.m.
    Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.

